IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JEROME POSEY,                         )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )    1:12CV151
                                      )
WAYNE TALBERT, et al.,                )
                                      )
          Defendant(s).               )


**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff appears to state in the Complaint that he has not fully exhausted available administrative remedies. The form asks whether Plaintiff presented "the facts relating to [his] complaint to the state inmate grievance procedure." (Docket Entry 1, § II.) Plaintiff marked "Yes" in response to that question. However, the form then asks what steps Plaintiff took to present his grievance and Plaintiff replied "none." Plaintiff's contradictory answers make it appear that he may not have exhausted his administrative remedies as to his claim. Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). In making any refiling, Plaintiff must make clear whether or not he has exhausted his remedies and, if not, his reasons for not doing so.

2. Plaintiff's factual allegations do not set out any claim for relief. The entire statement of his claim is "I know that my mail is being tampered with and these people listed are going through my mail and not giving me the mail as they suppose [sic] to." (Docket Entry 1, § IV.) This statement is entirely

conclusory and devoid of any facts that would allow a response from Defendants. Plaintiff must more fully set out the facts supporting his claim so that Defendants and the Court can understand what actions he is alleging occurred and violated his rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: March 12, 2012